UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW THOMAS HARRISON,

    Petitioner,

v.

Case No. 2:22-cv-10963
Hon. Paul D. Borman

RAPHAEL WASHINGTON,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT

This is a habeas case filed under 28 U.S.C. § 2241. Matthew Thomas Harrison was charged with felony offenses in the Wayne Circuit Court on August 16, 2019. When the habeas petition was filed, Harrison was imprisoned at the Wayne County Jail. On May 12, 2022, he was released on bond and placed under house arrest, and he is still awaiting trial. Harrison claims that he is being denied his right to speedy trial.

Respondent filed a response, arguing that the Court should abstain from considering the pre-trial petition, and that Petitioner failed to exhaust his claims in the state courts. (ECF No. 11.) Petitioner filed a reply, asserting that he attempted to exhaust his claims, and that the Court should not abstain due to the extraordinary prejudice the delay has caused. (ECF Nos. 12 and 17.)

1

I.

Harrison was charged in Wayne County with multiple serious felony offenses: torture, unlawful imprisonment, assault with intent to do great bodily harm, two counts of first-degree criminal sexual conduct, and aggravated domestic violence. The charges stem from allegations that Harrison brutally assaulted his then-girlfriend with a metal bar, and then he imprisoned, tortured, and sexually assaulted her for a period of days. (*See* Prelim. Ex. Tr., ECF No. 18-2.)

On August 16, 2019, Harrison was arrested on these charges and imprisoned at the Wayne County Jail. Following a competency evaluation and preliminary examination, his first trial date was scheduled for April 27, 2020. From that date to present, the pandemic and then other matters resulted in multiple adjournments. On May 12, 2022, Petitioner was granted a $50,000 personal bond and essentially placed under house arrest. (ECF No. 18-1.)

During the course of proceedings, Harrison filed multiple pleadings in the state courts raising his speedy trial claim. He filed at least two motions to dismiss the case on speedy trial grounds in the trial court. (ECF Nos. 18-5 and 18-8; ECF No. 16, PageID.249–50.) He also filed petitions and appeals in the Michigan Court of Appeals and Michigan Supreme Court seeking dismissal of the case on those grounds. (ECF Nos. 18-4 and 18-6.)

II.

Under 28 U.S.C. § 2241(c)(3), federal courts have authority to grant habeas relief to a state pretrial detainee held in custody in violation of the Constitution or laws or treaties of the United States. Nevertheless, the Supreme Court strongly cautioned federal courts against interfering in pending state criminal proceedings absent the threat of an "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971).

The Sixth Circuit likewise instructed federal habeas courts to exercise restraint before interfering in pending state criminal proceedings:

> Although § 2241 establishes jurisdiction in the Federal Courts to consider pretrial habeas corpus petitions, the Courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted).

In light of these precedents, "federal courts routinely reject petitions for pretrial habeas relief, with two important exceptions." *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011) (citation omitted). The first exception is a viable claim that a state prosecution will violate the Double Jeopardy Clause. *See Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981). Petitioner does not raise a double

jeopardy claim in this petition.

The second exception applies to claims regarding the denial of a defendant's speedy trial rights where the relief sought is a timely trial rather than dismissal of the charges. *Atkins*, 644 F.2d at 547. The second clause of the exception is important, and it is dispositive here:

> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, ... "(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280, 1283 (5th Cir. 1976)].

*Atkins*, 644 F.2d at 547.

Harrison's petition raises a speedy trial claim, but despite some ambiguity in his initial filing, Harrison clearly states that he is seeking dismissal of the charges and not a speedier trial. (*See* ECF No. 17, PageID.288.) Harrison argues that dismissal is warranted because the delay has prejudiced his defense to the extent that a fair trial is no longer possible. (*Id.*) Accordingly, Harrison does not assert exceptional circumstances warranting federal intervention, as dismissal of state charges during an ongoing criminal proceeding "'could not be more disruptive of pending state action.'" *Smith v. Burt*, 2019 U.S. App. LEXIS 22193, 2019 WL 5608064, at *2 (6th Cir. Oct. 28, 2019) (quoting *Atkins*, 644 F.2d at 546).

Harrison's reply that the denial of his speedy trial rights irreparably prejudiced his defense is no answer. Rather, it is a claim that can be raised in the state courts in the event he is convicted after trial. His attempted pursuit of that claim here is premature and must await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000); *Stampone v. LaJoye-Young*, 2022 U.S. Dist. LEXIS 88160, 2022 WL 1552213, *3–6 (W.D. Mich. May 17, 2022).

Accordingly, Harrison fails to allege facts indicating that an exception to the abstention doctrine applies. The petition for writ of habeas corpus is therefore dismissed.

Finally, Harrison's pending motions—in which he seeks to substantiate his speedy trial claim—are denied as moot. (ECF Nos. 15 and 16.)

III.

Before Harrison may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a). Reasonable jurists would not debate the Court's assessment of Harrison's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore denies a certificate of appealability.

Finally, because an appeal could not be taken in good faith, the Court denies leave to proceed in forma pauperis on appeal should Harrison decide to appeal this

decision. 28 U.S.C. § 1915(a)(3).

IV.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DISMISSED.**

**IT IS FURTHER ORDERED** that Harrison's motion to submit new evidence (ECF No. 15), and motion to request specific Rule 5 material (ECF No. 16), are **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED.**

**SO ORDERED.**

Dated:   November 9, 2022

                                                          s/Paul D. Borman
                                                          Paul D. Borman
                                                          United States District Court